IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIRGINIA A. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV732 |
| | ) | |
| v. | ) | |
| | ) | |
| JAN SHARP, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion to proceed in forma pauperis ("IFP") (Filing No. 2). The plaintiff asserts a claim in the nature of a "*Bivens* action,"[1] *i.e.*, a claim based directly on the United States Constitution, against the Federal Bureau of Investigation ("FBI"), two agents of the FBI, and two Assistant United States Attorneys. The plaintiff alleges that the defendants have failed and refused to investigate and pursue criminal charges against persons or companies who have perpetrated crimes against the plaintiff. Construing the complaint liberally, the plaintiff seeks to compel federal agencies and officials to undertake action on her behalf for the alleged deprivation of her rights or property.

---

[1] In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971), the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to initial and subsequent review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>   (A) the allegation of poverty is untrue; or
>
>   (B) the action or appeal --
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, whether or not the plaintiff qualifies financially to proceed IFP, the complaint fails to state a claim on which relief may be granted against any defendant.  A *Bivens* action may not be maintained against the United States, its agencies such as the FBI, or against federal employees in their official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 473, 484-86 (1994); *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041 (2004).

-2-

In addition, the United States, its law enforcement agencies and officials cannot be compelled by the courts to undertake any particular investigation or prosecution or otherwise to perform a discretionary act. *See, e.g.*, *Alvidres-Reyes v. Reno*, 180 F.3d 199, 205 (5th Cir. 1999) (the Attorney General's executive discretion to decide or act to commence proceedings always has been considered inherently to include the ability to choose not to do so).

Title 28, U.S.C. § 1915(e)(2)(B)(ii) provides that this case must be dismissed if the plaintiff is proceeding IFP and the complaint fails to state a claim on which relief may be granted. The plaintiff's complaint fails to state a claim on which relief may be granted. A separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court